# NO. 12-12-00143-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RODNEY DEWAYNE TISDALE,* *APPELLANT* | *§* | *APPEALS FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Rodney Dewayne Tisdale appeals his conviction for unlawful possession of a firearm by a felon. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by information with the offense of unlawful possession of a firearm by a felon, a third degree felony.[1] The information also included a felony enhancement paragraph.[2] Appellant entered an "open" plea of guilty to the offense charged in the information. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of

---

[1] *See* TEX. PENAL CODE ANN. § 46.04(a)(2), (e) (West 2011).

[2] If it is shown on the trial of a third degree felony that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a) of the Texas Penal Code, on conviction the defendant shall be punished for a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2012).

evidence in which Appellant swore that all allegations pleaded in the information were true and correct. He also pleaded "true" to the enhancement paragraph. The trial court found the evidence sufficient to substantiate Appellant's guilty plea.

After a punishment hearing, the trial court adjudged Appellant guilty of unlawful possession of a firearm by a felon, found the enhancement paragraph to be "true," and assessed his punishment at ten years of imprisonment and court costs.[3] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. We have reviewed the record for reversible error and have found none.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion

---

[3] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2011).

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

2

and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## MAY 31, 2013

## NO. 12-12-00143-CR

### RODNEY DEWAYNE TISDALE,
Appellant

V.

### THE STATE OF TEXAS,
Appellee

Appeal from the 114th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 114-0390-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*